BOWYER v. BURLEW, appellant.

*Domestic animals at large in highway — injuries by.*

Under the act of 1869 (chap. 424), relating to animals in highways, it is unlawful for the owner of horses to allow them to run at large in the highway, and he is liable in damages to a person injured by them while so running at large.

APPEAL from a judgment in favor of plaintiff and from an order denying a motion for a new trial. The action was brought by Lucy Bowyer against James Burlew to recover for an injury to the plaintiff alleged to have been caused by the defendant having negligently allowed a number of horses belonging to him to be at large on the highway as the plaintiff was passing in a carriage.

At the trial the judge charged the jury among other things as follows : " If, on looking into the evidence, you are satisfied either that the horses were put into the highway by the defendant or with his knowledge, unattended, without any means being taken to protect persons passing in the highway from the effects of their natural disposition, or if they broke through the fence, it being insufficient to keep them in, with the knowledge of the defendant, you will be warranted in finding that the defendant was negligent." The jury found a verdict for plaintiff and judgment was entered thereon. The appeal is by defendant.

*Franklin & Hazleton,* for appellant, cited *Brown* v. *B. & S. L. R. R. Co.,* 22 N. Y. 191 ; *Rex* v. *Robinson,* 2 Burr. 800 ; *Cox* v. *Burbridge,* 13 C. B. (N. S.) 430.

*Beers & Howard,* for respondent, cited *Goodman* v. *Gay,* 15 Penn. St. 188; *Barnes* v. *Chapin,* 4 Allen, 444 ; *McCahill* v. *Kipp,* 2 E. D. Smith, 413 ; *Dickson* v. *McCoy,* 39 N. Y. 400 ; *Campbell* v. *Evans,* 45 id. 356.

GILBERT, J. The evidence respecting the cause of the accident is not very satisfactory. There was enough, however, on both the principal points to require the judge to submit the case to the jury. He did so in a manner of which the defendant certainly has no cause to complain. Nor can we find any warrant for interfering with the verdict.

Bowyer v. Burlew.

The only question in the case is whether the defendant is liable for the acts of his horses in the highway without proof of knowledge on his part of their propensity so to act; in other words, whether he was guilty of negligence in permitting them to be at large and unattended in the highway. At common law such a liability did not follow the ownership of horses. It was not unlawful for them to be at large in the highway, and the owner was liable only for such damage as in the ordinary sequence of events might be expected to occur therefrom. Add. on Torts, 21 ; *Cox* v. *Burbridge*, 13 C. B. (N. S.) 430 ; *Holden* v. *Shattuck*, 34 Vt. 336. But in this State this rule of the common law has been changed by statute. It is now unlawful for any horses to run at large in any highway. Laws 1869, chap. 424. A positive duty is thus imposed on owners of horses to keep them from running at large in the highway. A breach of duty constitutes negligence, which entitles one to whom the duty is owing and who has been injured by the breach to recover. In the case before us the jury must have found that the horses were actually permitted by the defendant to be at large and unattended in the highway, for the judge charged the jury explicitly that if they were there without his knowledge or permission, the defendant was not responsible. The verdict, therefore, clearly puts the defendant in fault.

We are of opinion that the defendant owes the duty of keeping his horses from straying on the highway to every person traveling thereon. The act of 1869 is quite unlike the statute 5 & 6 W. 4, chap. 50, referred to in *Cox* v. *Burbridge, supra.* It was intended to prevent nuisances in highways, and to promote the safety thereof. Those who violate it do an act which the legislature has in effect declared detracts from the safety of the highway. It is but reasonable, therefore, that they should be liable to individuals for injuries suffered by them in consequence of such violation, in addition to the penalty inflicted for the public injury.

The judgment and order denying a new trial should be affirmed, with costs.

*Judgment affirmed.*